IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| **DEREK BOLEWARE,** | ) | |
| **ID # 1527645,** | ) | |
| **Petitioner,** | ) | |
| **vs.** | ) | **No. 3:12-CV-4093-K (BH)** |
| | ) | |
| **RICK THALER, Director,** | ) | **Referred to U.S. Magistrate Judge** |
| **Texas Department of Criminal** | ) | |
| **Justice, Correctional Institutions Division,** | ) | |
| **Respondent.** | ) | |

## FINDINGS, CONCLUSIONS, AND RECOMMENDATION

Pursuant to Special Order 3-251, this case has been automatically referred for findings, conclusions, and recommendation. Based on the relevant filings and applicable law, the petition should be denied with prejudice as barred by limitations.

## I. BACKGROUND

Petitioner, an inmate currently incarcerated in the Texas Department of Criminal Justice - Correctional Institutions Division (TDCJ-CID), filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. The respondent is Rick Thaler, Director of TDCJ-CID.

On August 28, 2008, petitioner was convicted of burglary of a habitation in Cause No. 32842CR in the 40th Judicial District Court of Ellis County, and he was sentenced to thirty-five years. (Petition (Pet.) at 2). Petitioner appealed his conviction and sentence. On November 25, 2009, the Tenth District Court of Appeals affirmed petitioner's conviction and sentence in an unpublished opinion. *Boleware v. State*, No. 10-08-00336-CR, 2009 WL 4263682 (Tex. App. – Dallas, Nov. 25, 2009). Petitioner did not file a petition for discretionary review (PDR) with the Texas Court of Criminal Appeals.

On July 11, 2012, petitioner filed a state application for writ of habeas corpus with the trial

court challenging this conviction, that was dismissed by the Court of Criminal Appeals as non-compliant on August 15, 2012. *See Ex parte Boleware*, WR-78,173-01 (Tex. Crim. App. August 15, 2012).[1] Petitioner mailed his federal petition on October 3, 2012. (Pet. at 10).

## II.  STATUTE OF LIMITATIONS

### A.  Antiterrorism and Effective Death Penalty Act of 1996

Congress enacted the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), Pub. L. 104-132, 110 Stat. 1217, on April 24, 1996.  Title I of the Act applies to all federal petitions for habeas corpus filed on or after its effective date.  *Lindh v. Murphy*, 521 U.S. 320, 326 (1997). Because petitioner filed his petition after its effective date, the Act applies to it.

Title I of the Act substantially changed the way federal courts handle habeas corpus actions. One of the major changes is a one-year statute of limitations.  *See* 28 U.S.C. § 2244(d)(1).  The one-year period is calculated from the latest of either (A) the date on which the judgment of conviction became final; (B) the date on which an impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action; (C) the date on which the Supreme Court initially recognizes a new constitutional right and makes the right retroactively applicable to cases on collateral review; or (D) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See id.* § 2244(d)(1)(A)-(D).

Petitioner did not file any PDR with the Court of Criminal Appeals.  His state conviction therefore became final for purposes of § 2244(d) on December 28, 2009, at the expiration of the thirty-day time frame, extended because of the Christmas holiday and the weekend, for seeking

---

[1] Petitioner claims that he filed his state writ on a date later than that reflected in the Court of Criminal Appeals records.

further review after November 25, 2009.  *See Roberts v. Cockrell*, 319 F.3d 690, 692 (5th Cir. 2003) (holding that, when the petitioner has halted the review process, "the conviction becomes final when the time for seeking further direct review in the state court expires" and rejecting reliance upon the date of mandate and relying on TEX. R. APP. P. 68.2 for the thirty-day period to file a PDR).

Petitioner has not alleged a state-created impediment under subparagraph (B) that prevented him from filing his federal petition or any new constitutional right under subparagraph (C).  The one-year statute of limitations is therefore calculated from the latest of (A), the date petitioner's conviction became final, or (D), the date on which he knew or should have known with the exercise of due diligence the facts supporting his claims.

With regard to subparagraph (D), petitioner claims that his trial attorney and appellate counsel were ineffective and that a juror was biased, and he refers to the trial record and cases handed down by the Supreme Court prior to his trial as support.  Accordingly, the facts supporting his claims became known or could have become known prior to the date his state judgment of conviction became final.  Because petitioner filed his federal petition almost three years after his conviction became final on December 28, 2009, a literal application of § 2244(d)(1) renders his October 3, 2012 filing[2] untimely.

**B.  <u>Tolling</u>**

Section 2244 mandates that "[t]he time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending *shall not be counted toward any period of limitation under this subsection*."  28 U.S.C. § 2244(d)(2)

---

[2]  *See Coleman v. Johnson*, 184 F.3d 398, 401 (5th Cir. 1999) (recognizing that prisoners file their federal pleadings when they place them in the prison mail system).

(emphasis added).  However, petitioner's state writ was not properly filed under § 2244(d)(2) because it was dismissed as being non-compliant with a state procedural rule.  *Wickware v. Thaler*, 404 Fed. App'x 856, 858-59 (5th Cir. Dec. 13, 2010) (holding that a state writ dismissed pursuant to Tex. R. App. P. 73.1 was not "properly filed" within the meaning of § 2244(d)(1)(A)); *Davis v. Quarterman*, 342 Fed. App'x 952, 953 (5th Cir. Aug. 27, 2009) (same).  Therefore, it did not toll the statute of limitations.  Nevertheless, even were it considered to be properly filed, petitioner did not file his state writ until July 11, 2012, a year and a half after the one-year limitations period had expired on December 28, 2010.  It is well settled that a document, filed in state court after the limitations has expired, does not operate to statutorily toll the limitations period.  *See Scott v. Johnson*, 227 F.3d 260, 263 (5th Cir. 2000).  Therefore, the statutory tolling provision does not save the his federal petition.

Nevertheless, the AEDPA's one-year statutory deadline is not a jurisdictional bar and can, in appropriate exceptional circumstances, be equitably tolled.  *Holland v. Florida*, 130 S.Ct. 2549 (2010); *Davis v. Johnson*, 158 F.3d 806, 810-11 (5th Cir. 1998); *cf. Felder v. Johnson*, 204 F.3d 168, 170-71 (5th Cir. 2000) (only "rare and exceptional circumstances" warrant equitable tolling).  "The doctrine of equitable tolling preserves a [party's] claims when strict application of the statute of limitations would be inequitable."  *Davis*, 158 F.3d at 810 (quoting *Lambert v. United States*, 44 F.3d 296, 298 (5th Cir. 1995)).  It "applies principally where [one party] is actively misled by the [other party] about the cause of action or is prevented in some extraordinary way from asserting his rights."  *See Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)).  A habeas petitioner is entitled to equitable tolling only if he shows that: 1) he has been pursuing his rights diligently, and 2) some extraordinary

4

circumstance prevented a timely filing. *Holland*, 130 S.Ct. at 2562, *citing Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005).  He bears the burden to show entitlement to equitable tolling.  *Phillips v. Donnelly*, 223 F.3d 797, 797 (5th Cir. 2000) (per curiam).  Courts must examine each case in order to determine if there are sufficient exceptional circumstances that warrant equitable tolling.  *Fisher v. Johnson*, 174 F.3d 710, 713 (5th Cir. 1999).  The Fifth Circuit has also stated that when a prisoner contends that his ability to file a federal habeas petition has been affected by a state proceeding, the court should look at the facts to determine whether equitable tolling is warranted. *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999).

Here, petitioner presents no argument or evidence that he was prevented from filing his state writ or federal petition earlier.  He has therefore failed to meet his burden to show that he is entitled to any equitable tolling of the federal statute of limitations, and his federal petition is barred by the statute of limitations.

## III.  RECOMMENDATION

The Court should find the petition for habeas corpus relief barred by the statute of limitations and **DENY** it with prejudice.

**SO RECOMMENDED on this 25th day of October, 2012.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

5

## INSTRUCTIONS FOR SERVICE AND
## <u>NOTICE OF RIGHT TO APPEAL/OBJECT</u>

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law.  Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy.  *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b).  In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found.  An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific.  Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error.  *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

6